IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CARLOS RAY FRAZIER
ADC #650936                                                                                              PLAINTIFF

V.                              NO. 4:24-cv-00936-KGB-ERE

CAMERON JOHNSON, *et al.*                                                                  DEFENDANTS

## ORDER

### I.   Background

*Pro se* plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Frazier's complaint alleges that: (1) on October 22, 2024, Sheriff Deputy Cameron Johnson and Sheriff Deputy M. Bennett allowed a barracks porter to threaten him; (2) Deputy Washington then allowed the barracks porter to approach Mr. Frazier's cell door with a weapon; (3) although Mail Lady Judy Brawley removed the barracks porter from Mr. Frazier's cell, she failed to remove him from his position as barracks porter; and (4) Major Thompkins allowed the barracks porter to have access to Mr. Frazier's cell.

Although Mr. Frazier may have stated a plausible failure to protect claim against each Defendant, he sues Defendants in their official capacities only seeking

both monetary and injunctive relief.[1] Mr. Frazier's official-capacity claims are claims against Jefferson County, Defendants' employer. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Jefferson County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Jefferson County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Frazier's complaint contains no allegations suggesting that a Jefferson County policy, practice, or custom caused his injury. As a result, he has failed to plead a plausible official-capacity claim.

As currently stated, Mr. Frazier's complaint fails to state a plausible constitutional claim for relief. However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process to give Mr.

---

[1] Although Mr. Frazier is considered a three-striker, based on the allegations contained in his complaint, he has satisfied the imminent danger exception to the three strikes rule.

Frazier the opportunity to file an amended complaint clarifying his constitutional claims.[2]

## II. Guidelines for Filing Amended Complaint

Mr. Frazier has thirty days to file an amended complaint. If Mr. Frazier files an amended complaint, he should specifically: (1) state in which capacity he is suing each Defendant; (2) explain how each named Defendant violated his constitutional rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Frazier's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Frazier should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Frazier should not rely upon, or incorporate by reference, any

---

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

allegations made in his original complaint. In other words, Mr. Frazier's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Frazier need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### III. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Frazier may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Frazier fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Frazier's claims.

3. The Clerk is instructed to provide Mr. Frazier a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 30 October 2024.

_____
UNITED STATES MAGISTRATE JUDGE