IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CARLOS RAY FRAZIER
ADC #650936                                                                                                  PLAINTIFF

V.                         NO. 4:24-cv-00936-KGB-ERE

CAMERON JOHNSON, *et al.*                              DEFENDANTS

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.    Background

*Pro se* plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Frazier's complaint alleges that: (1) on October 22, 2024, Sheriff Deputy Cameron Johnson and Sheriff Deputy M. Bennett allowed a barracks porter to threaten him; (2) Deputy Washington then allowed the barracks porter to approach Mr. Frazier's cell door with

a weapon; (3) although Mail Lady Judy Brawley removed the barracks porter from Mr. Frazier's cell, she failed to remove him from his position as barracks porter; and (4) Major Thompkins allowed the barracks porter to have access to Mr. Frazier's cell.

Although Mr. Frazier has arguably stated a plausible failure to protect claim against each Defendant, he sued Defendants in their official capacities only seeking both monetary and injunctive relief.[1]

Under the law, Mr. Frazier's official-capacity claims are treated as claims against Jefferson County, which employs the individual Defendants. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Jefferson County cannot be held vicariously liable under § 1983 for the acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Jefferson County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Frazier's complaint contains no allegations suggesting that

---

[1] Although Mr. Frazier is considered a three-striker, based on the allegations contained in his complaint, he has satisfied the imminent danger exception to the three strikes rule.

a Jefferson County policy, practice, or custom caused his injury. As a result, he has failed to plead a plausible official-capacity claim.

On October 30, 2024, the Court entered an Order explaining to Mr. Frazier that his original complaint was deficient. *Doc. 4*. The Court gave Mr. Frazier an opportunity to file an amended complaint correcting the pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id. at 4*.

To date, Mr. Frazier has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Frazier's original complaint, as required by 28 U.S.C. § 1915A.

### III. <u>Discussion</u>

#### A.   **Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents

attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B. Official Capacity Claims

As explained above, Mr. Frazier's official-capacity claims are treated as claims against Jefferson County, Defendants' employer. *Brewington v. Keener, supra.* Jefferson County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services, supra*). Because Mr. Frazier's complaint does not allege that he suffered any constitutional injury as a result of any Jefferson County policy or practice, his complaint fails to state a plausible constitutional claim for relief.

### IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Frazier's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED 5 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE